UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN E. TAPP,

                            Plaintiff,

-against-

JUSTICE JOHN OR JANE DOE,

                            Defendant.

21-CV-0138 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at Five Points Correctional Facility in Seneca County, New York, brings this action *pro se*. Plaintiff has not prepaid the filing fees for this action. As several courts have recognized, however, Plaintiff is barred under 28 U.S.C. § 1915(g) from filing any new action *in forma pauperis* ("IFP") while a prisoner. *See Tapp v. New York State Dep't of Corr. and Comm. Super.*, 9:20-CV-01419, 5 (BKS) (TWD) (N.D.N.Y. Dec. 14, 2020) ("[T]his Court agrees with the conclusions reached by [other district judges,] and finds that as of the date plaintiff commenced this action, he had already accumulated 'three strikes'");[1] *Tapp v. City of Lancaster*, No. 12-CV-1118, 4 (E.D. Pa. Mar. 14, 2012) (denying plaintiff's request to proceed IFP under 28 U.S.C. § 1915(g) based on accumulation of three strikes and failure to demonstrate imminent danger); *Tapp v. Bickell*, No. 12-CV-0461, 7 (M.D. Pa. Mar. 23, 2012)

---

[1] In *Tapp*, 9:20-CV-01419, the district court relied on the following orders of dismissal: (1) *Tapp v. Champagne*, No. 9:04-CV-0940, 4 (N.D.N.Y. Oct. 30, 2004) (complaint, filed while a prisoner at Southport Correctional Facility, and asserting claims against District Attorneys, Judges, and public defenders, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. §1915A(b)(1)); (2) *Tapp v. Gonzalez*, No. 05-CV-0518, 11 (S.D.N.Y. Nov. 30, 2005) (complaint, filed as a prisoner at Southport Correctional Facility, asserting claims against criminal judge, prosecutor, and state court clerk, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii), (iii), when plaintiff failed to file amended complaint); and (3) *Tapp v. Gonzalez*, No. 06-0685, 14 (2d Cir. July 17, 2006) (ordering appeal, filed while a prisoner at Southport Correctional Facility, dismissed because it lacks an arguable basis in fact or law).

(denying, under 28 U.S.C. § 1915(g), plaintiff's request to proceed IFP and dismissing the complaint without prejudice to refiling with the filing fee). Thus, as of the date that Plaintiff brought this action, he already had brought at least three actions that were dismissed on strike grounds, and he is therefore barred under 28 U.S.C. § 1915(g) from bringing this action without prepaying the filing fees.

The IFP statute, at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's complaint does not show that he is in imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). Here, Plaintiff sues the judge who presided over his criminal proceedings, seeking $450 million in damages. Because the complaint does not show that Plaintiff is in imminent danger of serious physical injury, he cannot bring this action without prepaying the filing fees.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim

2

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 11, 2021
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).